**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

JOSE MARADIAGA, BOP No 30926-177, §
    Defendant-Movant, §
     §
v. § No. 3:03-CR-0291-K
     §(No. 3:04-CV-2050-K)
UNITED STATES OF AMERICA, §
    Plaintiff-Respondent. §

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    <u>Type Case</u>: This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    <u>Parties</u>: Jose Maradiaga ("Maradiaga" or "Movant") is a federal prisoner currently confined at the Eden Detention Center in Eden, Texas. Respondent is the United States of America.

    <u>Statement of the Case</u>: Maradiaga pled guilty to a violation of 18 U.S.C. § 1035, conspiracy to commit health fraud, on October 30, 2003. On March 15, 2004, he was sentenced to 35 months in the penitentiary, three years of supervised release, and restitution, jointly and severally with his co-defendants, in the amount of $189, 049.76. Movant did not file an appeal.

    Maradiaga filed the instant habeas petition on September 21, 2004. The United States filed a response on April 4, 2005.

    <u>Findings and Conclusions</u>: In his first ground for relief, Movant contends that he was

given an enhancement under the sentencing guidelines without the underlying facts being found by a jury, thus contravening the Supreme Court's holding in *Blakley v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004). On January 12, 2005, the Supreme Court decided *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), which extended the Court's ruling in *Blakley* to the Federal Sentencing Guidelines. *Booker* applies to all cases pending on review and not yet final as of January 12, 2004. *See Booker*, 125 S.Ct. at 769 ('we must apply today's holdings ... to all cases on direct review"); *see also McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely* came down, is the appropriate dividing line; *Blakely* specifically reserved any decision about the status of the Federal Sentencing Guidelines, *see id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal criminal justice system. Petitioners' convictions and sentences became final well before the *Booker* opinion was issued, and therefore it does not apply in the context of collateral proceedings.); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005)("neither *Blakely* nor *Booker* establishes a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review"); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005)(same); *McGrath v. United* States, 2005 WL 1131771 (N.D. Tex. May 11, 2005)(Godbey, J.)(adopting the recommendation of the magistrate judge, based on the above cases, that neither *Booker* or *Blakley* applies retroactively on collateral review); *Arvizo-Pena v. Medellin*, 2005 WL 734996 *1 (N.D. Tex. Mar 31, 2005)(Cummings, J.)(relying on the above cases to determine that neither *Booker* or *Blakley* applies retroactively on collateral review); *United States v. Jordan*, 2005 WL 598449 *1 (N.D. Tex. Mar. 10, 2005)(McBride, J.)(holding

that *Booker* does not apply retroactively on collateral review).[1]

In the alternative, should *Booker* apply on collateral review, the Fifth Circuit has held, in the context of a direct appeal, that if a Sixth Amendment claim was not raised at trial, review of a potential *Booker* error is for plain error and plain error exists when "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005). Here Movant has not asserted which particular enhancement he contends violated *Booker*. However, since he claims in his fourth ground that his three level enhancement for acting in the capacity as a supervisor was erroneous, this court assumes that he references that ground. *See, e.g., Perez v. United States,* 312 F.3d 191, 193-94 (5th Cir. 2002)("a pro se plaintiff's pleadings are liberally construed").

At his sentencing hearing, Judge Kinkeade, the sentencing judge, opined that Movant's sentence "meets the sentencing objectives of deterrence and punishment." (Tr. of Sentencing Before the Honorable Ed Kinkeade, U.S. District J. at 7). Judge Kinkeade then later opined that "35 months is the appropriate punishment." (*Id.* at 9-10). Therefore, Maradiaga "cannot carry his burden of demonstrating that the result would have likely been different had the judge been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime," and therefore cannot meet the third prong of the test. *United States v. Mares*, 402 F.3d 511, 522 (5th Cir. 2005).

In his second ground for relief, Movant contends that he was entitled to a four level reduction because he was a minimal participant in the crime. He contends that he was threatened

---

[1] The Fifth Circuit has not yet ruled on whether either *Blakley* or *Booker* is congnizable on collateral review. This issue is currently before the Fifth Circuit in *United States v. Provencio*, No.05-50169.

3

and pressured into his criminal violations.  Even if Maradiaga were not barred from raising this issue on collateral review, *see United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999), his allegation is wholly conclusory and thus fails to present a cognizable claim. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

In his third ground for relief, Movant contends that he was entrapped by the government. Maradiaga has failed to point to any set of facts which would support his claim of entrapment. Moreover, under *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991)(*en banc*), Movant is procedurally barred from collaterally attacking his sentence having failed to show both "cause" for his procedural default, and "actual prejudice" resulting from the alleged error. *Id.* at 232.

In his fourth ground for relief, Maradiaga contends that he was not a leader, supervisor, or manager because he did not exercise management responsibilities over the crime in question. As noted *supra,* "[m]isapplications of the Sentencing Guidelines ... are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d at 462.  Nor does Movant present any evidence or rationale to support his claim.  *See Miller v. Johnson*, 200 F.3d at 282.

RECOMMENDATION:

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and to counsel for Respondent.

**SIGNED** this 27th day of June, 2005.

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.